UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CLEANUP NORTH BROOKLYN,
JENNIFER CHANTRTANAPICHATE,
OSIRIS ARIAS, MAGDA ECOBAR BELTRAN,
ZALMEN LABIN, SANDERS MENDEZ,
JOSE MANUEL RODRIGUEZ, TEGHVIR SETHI,
MERCEDES TAPIA, BIENVENIDO TORRES,
BENJAMIN WEINSTEIN,



        Plaintiff,

        - against -

BROOKLYN TRANSFER LLC, NINO TRISTANI,
ANTHONY TRISTANI, GPB WASTE NY LLC,
GPB CAPITAL HOLDINGS LLC,

        Defendants.

OPINION and ORDER

No. 17-cv-05621 (NG) (RER)

------------------------------------------------------------x

**GERSHON, United States District Judge:**

On August 30, 2017, Cleanup North Brooklyn (a grassroots community group that seeks to restore the health of North Brooklyn) and its individual members (collectively, "plaintiffs") filed suit in New York State Supreme Court, Kings County, against Brooklyn Transfer LLC, Nino Tristani, Anthony Tristani, GPB Waste NY LLC, and GPB Capital Holdings LLC ("defendants"). Plaintiffs allege public nuisance, private nuisance, and nuisance *per se* under New York State common law based on defendants' operation of a solid waste transfer station located at 105-115 Thames Street in Brooklyn ("Trash Facility"). Defendants timely removed this matter to the Eastern District of New York.[1] Plaintiffs move to remand. As there is no basis for subject matter jurisdiction, I remand this action to state court.

---

[1] In their Notice of Removal, defendants asserted both diversity and federal question jurisdiction as grounds of removal. Following a pre-motion conference on November 1, 2017, defendants

1

## I. Discussion

On a motion to remand, the party seeking to sustain the removal bears the burden of demonstrating that removal is proper. *Bellido-Sullivan v. American Intern. Group, Inc.*, 123 F.Supp.2d 161, 163 (S.D.N.Y. 2000). Thus, defendants in this case bear the burden of establishing federal question jurisdiction.

Generally, such a question must appear on the face of the plaintiff's well-pleaded complaint, and a suit seeking recovery under state law is not transformed into a suit "arising under" federal law merely because, to resolve it, the court may need to interpret federal law. *Sullivan v. American Airlines*, 424 F.3d 267, 271 (2005); *Bellido-Sullivan*, 123 F.Supp.2d at 163.

However, three situations exist in which a complaint, like the Complaint here, that does not allege a federal claim may nonetheless arise under federal law for purposes of subject matter jurisdiction: first, if Congress expressly provides, by statute, for removal of state law claims; second, if the state law claims are completely preempted by federal law; and third, if the vindication of a state law right necessarily turns on a question of federal law. *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014) (internal quotations omitted); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983)("original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law.").

The third possibility, invoked by defendants here, is an "extremely rare exception" that has been defined as conferring federal court jurisdiction over a state law claim where the federal issue

---

dropped their diversity argument and proceeded only on federal question grounds. Defs' November 8, 2018 Ltr. (Dkt. No. 13).

is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disrupting the federal-state balance. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal parentheses omitted); *Fracasse*, 747 F.3d at 144. "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *Finance and Trading, Ltd. v. Rhodia S.A.*, 2004 WL 2754862, at *6 (S.D.N.Y. 2004).

Here, defendants argue that plaintiffs' claims necessarily raise federal questions under the Resource Recovery and Conservation Act ("RCRA"), 42 U.S.C. §§ 6962 *et seq.* and its implementing regulatory scheme. Defendants identify a litany of federal statutory and regulatory provisions and summarily argue that these create the "world" of solid waste management and that plaintiffs' "broad" allegations require their adjudication. Def. Mem. of Law at 4.[2]

Defendants' arguments are unpersuasive. First, RCRA contains a savings clause expressly permitting common law remedies with respect to solid waste management:

> Nothing in this section shall restrict any right which any person (or class of persons) may have under any statute or common law to seek enforcement of any standard or requirement relating to the management of solid waste or hazardous waste, or to seek any other relief (including relief against the Administrator or a State agency).

42 U.S.C. § 6972(f). In passing RCRA, Congress thus anticipated the continuing viability of state law claims in the area of solid waste management. Further, RCRA's Congressional findings expressly state that "the collection and disposal of solid wastes should continue to be primarily the function of State, regional, and local agencies." 42 U.S.C. § 6901(a)(4). While RCRA

---

[2] Defendants also argue that plaintiffs cannot "limit the scope of their claims and requested relief" by claiming they are seeking only relief under State and local laws, rather than RCRA or its regulatory scheme. Defs.' Mem. of Law at 27 (citing to Pls.' Mem. of Law at 17 n. 7). But plaintiffs are not belatedly limiting the scope of their claims. On the contrary, a plain reading of the Complaint makes clear that plaintiffs' requested relief is under only State and local law. Compl. ¶¶ 117–142. *See also* Pre-motion Conference Transcript, Nov. 1, 2017 at 7:18–20.

acknowledges that waste disposal problems require Federal "assistance" and "leadership," 42 U.S.C. § 6901(a)(4), and that the Environmental Protection Agency ("EPA") should "develop" and "suggest" guidelines for solid waste management, 42 U.S.C. § 6907(a), RCRA does not displace state and local control of solid waste management. Nor does it create the standards for a common law claim sounding in state law. Far from creating a federal "world" of solid waste management, RCRA is replete with provisions calling for federal-state collaboration as to solid waste management. *See, e.g.*, 42 U.S.C. § 6902(a)(7) ("establishing a viable Federal-State partnership to carry out the purposes of this chapter"); 42 U.S.C. § 6902(a)(11) ("establishing a cooperative effort among the Federal, State, and local governments" to recover energy from solid waste); 42 U.S.C. § 6942(b) (setting forth federal guidelines for state plans for waste management, after consultation with state and local authorities). Finally, at no point does RCRA disturb established precedent in this Circuit that "control over the regulation of garbage collection is a classic example of municipal police powers reserved to the state and local governments." *Sanitation & Recycling Indus., Inc. v. City of New York*, 928 F. Supp. 407, 410 (S.D.N.Y. 1996), *aff'd,* 107 F.3d 985 (2d Cir. 1997).

Defendants' reliance on the EPA regulations promulgated under RCRA, 40 C.F.R. Part 243, is similarly unavailing. Indeed, "the EPA has explicitly said that '**No federal regulations exist that are specifically applicable to transfer stations.**'" *Paskar v. City of New York*, 3 F. Supp. 3d 129, 135 (S.D.N.Y. 2014) (emphasis in original) (noting that transfer stations are regulated by New York state authorities). Defendants also admit that the regulations merely *recommend* procedures to State and local governments; they do not require States to abide by particular procedures. *See* 40 C.F.R. § 243.100(c) (emphasis added). I am thus unpersuaded that plaintiffs will necessarily have to rely on RCRA or its related regulations to establish their nuisance

claims. In any event, the mere referencing of federal law is not sufficient to confer federal jurisdiction. *Finance*, 2004 WL 2754862, at *8.

Defendants' reliance on *Stanley v. Amalithone Realty, Inc.*, 31 Misc.3d 995 (Sup. Ct. N.Y. Cty 2011) and *Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F. Supp. 2d 355, 365 (E.D.N.Y. 2010) also is unavailing. Both cases involve plaintiffs bringing state law nuisance claims alleging that radiation from nearby cellular towers caused them harm. The courts in each of these cases acknowledged the broad reach of the Federal Telecommunications Act ("FTA"), Pub.L. No. 104-104, 110 Stat. 56, and the district court in *Merrick Gables* specifically observed that "the FTA prevents state and local governments from regulating the placement of []equipment based on perceived fears about the health risks of radio frequency emissions." *Merrick Gables Ass'n*, 691 F. Supp. 2d at 365 (citing 47 U.S.C. § 332(c)(7)(B)(iv)). RCRA does not limit the role of state and local governments in the manner of the FTA. Further, the Federal Communications Commission regulated the cellular towers in both cases, and defendants' operation of the Trash Facility is not governed by any such federal authority. In fact, defendant concedes that its only permits are state and local. Def. Mem. of Law at 15.

Finally, defendants suggest that plaintiffs' nuisance claims are better brought as a citizen suit under § 6972 of RCRA. Def. Mem. of Law at 23–24. Whether or not such a suit is available to plaintiffs, the defendants' preference is immaterial to the question before the court. The plaintiffs are the masters of their Complaint and no federal question is presented here.

## II. Attorney's Fees

In addition to a remand, plaintiffs seek to recover the attorneys' fees incurred in litigating the removal of this action and seeking a remand. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees,

incurred as a result of the removal." An award of attorney's fees turns on the "overall fairness given the nature of the case, the circumstances of the remand and the effect on the parties." *Shamoun v. Peerless Importers, Inc.*, 2003 WL 21781954, at *4 (E.D.N.Y. Aug. 1, 2003). I appreciate that issues of federal question jurisdiction can be complicated, but this case presents straightforward common law nuisance claims, and the inappropriateness of a federal forum is readily apparent from the face of the Complaint. Moreover, defendants' erratic and ever-shifting arguments overcomplicated an otherwise unremarkable motion to remand, forcing the plaintiffs to expend unnecessary time and money on research and briefing. Costs, including attorneys' fees, are amply warranted.

In sum, plaintiffs' motion to remand is granted, and the Clerk of Court is directed to remand this action to Supreme Court, Kings County, Index No. 516850/2017. Plaintiffs' request for reasonable attorneys' fees and costs is also granted. Plaintiffs are directed to file their application for fees by May 23, 2018. Any opposition must be filed by June 13, 2018. Any reply should be filed by June 22, 2018.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

April 26, 2018
Brooklyn, New York